IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL NO. 08-703-GPM |
| B.D.R. SERVICES, INC., TRIPLE R. EXPRESS, L.L.C., TRIPLE R. LOGISTICS, L.L.C., BILLY M. REAGOR, and ROGER REAGOR, | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, General Electric Capital Corporation ("GECC"), filed this action in October 2008, seeking to invoke federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c). GECC is a Delaware corporation with its principal place of business in Connecticut. Unfortunately, however, the Court cannot discern from GECC's allegations whether each defendant is a diverse citizen (and the answer recently filed by B.D.R. Services, Inc., Triple R. Express, Triple R. Logistics, Billy M. Reagor, and Danny K. Reagor sheds no light on the issue).

"[I]n a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). In *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Supreme Court articulated the general rule that "every association of a common law jurisdiction

other than a corporation is to be treated like a partnership." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 119 S. Ct. 339 (1998). Congress has chosen to establish special rules for determining the citizenship of certain kinds of associations - specifically, corporations, decedents' estates, and insurers named as defendants in direct actions, *see* 28 U.S.C. § 1332(c); however, because the statute is silent with respect to limited partnerships and limited liability companies, the Court must "apply the norm that all unincorporated associations are treated as partnerships." *Indiana Gas*, 141 F.3d at 318. Unincorporated business entities, *i.e.*, limited partnerships and limited liability companies, are treated as citizens of every state of which any partner or member is a citizen. *Id*. at 316-17. If Triple R. Express and Triple R. Logistics are in fact limited liability companies as alleged, the Court must know the citizenship of each of their members. And finally, an allegation based upon "information and belief" is insufficient to invoke this Court's jurisdiction. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P..*, 980 F.2d 1072, 1074 (7th Cir. 1992).

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 199). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff shall file, on or before **March 5, 2009**, an amended complaint that properly invokes this Court's subject matter jurisdiction. Failure to do so

will result in the dismissal of this action for lack of federal subject matter jurisdiction.

Finally, the docket sheet reflects that all but one defendant, Roger D. Reagor, has answered the complaint. It does not appear that Defendant Roger D. Reagor has been served. Plaintiff's counsel shall, on or before **March 5, 2009**, file an executed return of service on this defendant or file a written status report to apprise the Court of the status of service on this party.

**IT IS SO ORDERED.**

DATED: 02/05/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge