IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL NO. 08-703-GPM<br>) |
| B.D.R. SERVICES, INC., TRIPLE R. EXPRESS, L.L.C., TRIPLE R. LOGISTICS, L.L.C., BILLY M. REAGOR, DANNY K. REAGOR, and ROGER D. REAGOR, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

General Electric Capital Corporation ("GECC") filed this action on October 8, 2008 (Doc. 4), and an amended complaint was filed on February 5, 2009 (Doc. 20). In a nutshell, GECC alleges that it entered into two loan-security agreements (the first on or about June 27, 2006, the second on or about August 18, 2006) with a non-party known as "MAX" for the purchase of certain vehicles. Defendants guaranteed all of MAX's obligations under these agreements. MAX failed to make payments when due under both agreements, and, when GECC made a demand to Defendants for payment, they refused to pay.

Jurisdiction is based on the diversity of citizenship statute, 28 U.S.C. § 1332. Plaintiff GECC is a Delaware corporation with its principal place of business in Connecticut. Defendants are citizens of Illinois and South Carolina: B.D.R. Services, Inc., is an Illinois corporation with its principal place of business in Illinois; Triple R. Express, L.L.C., is a limited liability company whose

members are Billy M. Reagor, Roger D. Reagor, and Danny K. Reagor (who, as revealed below, are citizens of Illinois and South Carolina); Triple R. Logistics, L.L.C., is also a limited liability company whose members are Billy M. Reagor, Roger D. Reagor, and Danny K. Reagor; Billy M. Reagor is a citizen of Illinois; Roger D. Reagor is a citizen of South Carolina; and Danny K. Reagor is a citizen of Illinois (*see* Doc. 20). Finally, the complaint claims that the amount due under the two agreements is $869,511.49, so the amount in controversy requirement is easily met.

On June 5, 2009, GECC filed a motion for summary judgment. GECC argues that there is no genuine issue of material fact on its claims for breach of contract, and it seeks judgment as a matter of law. (Doc. 40). Pursuant to Southern District of Illinois Local Rule 7.1(c), Defendants' response to the motion was due on or before July 8, 2009. Nothing was filed. Local Rule 7.1(c) warns litigants that "[f]ailure to timely file an answering brief to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

The Court exercises its discretion and **GRANTS** the motion for summary judgment as to all Defendants except Danny K. Reagor.[1] The Clerk is **DIRECTED** to enter judgment in favor of GECC and against Defendants B.D.R. Services, Inc., Triple R. Express, L.L.C., Triple R. Logistics, L.L.C., Billy M. Reagor, and Roger D. Reagor in the amount of $455,338.19, plus attorneys' fees and costs in the amount of $17,062.97, for a total judgment of **$472,401.16**. This amount represents

---

[1] On July 14, 2009, GECC filed a Suggestion of Bankruptcy informing the Court that Danny K. Reagor has filed a Voluntary Petition for Bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code (Doc. 41). On July 17, 2009, the action was stayed as to Defendant Danny K. Reagor only (Doc. 43). The automatic stay does not encompass non-bankrupt co-defendants. *See Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir.1983) (per curiam); *see also Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed.Cir.1999) ([T]he automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor. ") (citation omitted) (collecting cases).

all past and future payments (discounted to present value) due under both agreements, interest, late charges and repossession fees, and includes a credit for vehicles which were recovered and sold, as detailed in the motion for summary judgment (*see* Doc. 40).

Because the duration of Defendant Danny K. Reagor's bankruptcy proceeding is unknown, the Court finds that the is no just reason to delay entry of judgment against Defendants B.D.R. Services, Inc., Triple R. Express, L.L.C., Triple R. Logistics, L.L.C., Billy M. Reagor, and Roger D. Reagor. The Clerk is **DIRECTED** to enter a Rule 54(b) judgment as set forth above.

**IT IS SO ORDERED.**

DATED: 7/21/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge